UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00596-TBR

CATHERINE NOHALTY                                                                       Plaintiff

v.

BLAIRWOOD APARTMENTS OF LOUISVILLE
GENE B. GLICK COMPANY                                                               Defendants


**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion to Dismiss. (Docket #6). Plaintiff Catherine Nohalty has responded. (Docket #7). Defendants have replied. (Docket #8). These matters now are ripe for adjudication. For the reasons that follow, Defendants' Motion will be GRANTED.

BACKGROUND

Plaintiff Catherine Nohalty tripped on a carpet seam in her apartment. Nohalty alleges that the carpet was negligently maintained by Defendants Blairwood Apartments of Louisville, LP and Gene B. Glick Company. Nohalty filed this action in Jefferson County Circuit Court. (Docket #1, Ex. 1). Defendants removed this case to federal court on the basis of diversity jurisdiction. (Docket #1).

Defendants have moved to dismiss on the grounds Kentucky case law limits a plaintiff's recovery under these facts to the cost of repairing the carpet. (Docket #6). Nohalty concedes that Defendants have correctly stated the law and that she does not have a claim under current Kentucky case law. (Docket #7). Nonetheless, Nohalty would argue that Kentucky case law should be modified. (Docket #7). Nohalty contends

that the removal of this case from state to federal court has deprived Nohalty of her chance to appeal up to the Kentucky Supreme Court, thereby violating the Equal Protection Clause of the Fourteenth Amendment.

I. **Nohalty does not have a claim under current Kentucky law.**

"The general rule in effect in Kentucky, is that a tenant takes premises as he finds them." *Miles v. Shauntee*, 664 S.W.2d 512, 517 (Ky. 1983); *Milby v. Mears*, 580 S.W.2d 724, 728 (Ky. App. 1979). A landlord generally[1] has no obligation to repair the leased premises. *Miles*, 664 S.W.2d at 518. "The landlord need not exercise even ordinary care to furnish reasonably safe premises, and he is not generally liable for injuries caused by defects therein." *Milby*, 580 S.W. 2d at 728; *Jaimes v. Thompson*, 318 S.W.3d 118 (Ky. App. 2010); *Warren v. Winkle*, 400 S.W. 3d 755 (Ky. App. 2013) ("The landlord is not a guarantor of the tenant's safety").

The parties do not dispute the law or the facts. Nohalty concedes that she does not have a personal injury claim under current Kentucky law, and the parties agree that Defendants' obligation is limited to the cost of repair of the carpet. The Court therefore turns to Nohalty's equal protection claim.

II. **Removal of this case to federal court did not violate the Equal Protection Clause.**

The "Constitution 'neither knows nor tolerates classes among citizens.'" *Romer v. Evans*, 517 U.S. 620, 623 (1996) (*quoting Plessy v. Ferguson*, 163 U.S. 537, 559 (1896) (Harlan, J., dissenting). The Equal Protection Clause, found in the Fourteenth

---

[1] There are a few limited exceptions, such as if a portion of the premises are "for the common use and benefit of a number of tenants." *Miles*, 664 S.W.2d at 518.

Amendment, [2] is "understood to state a commitment to the law's neutrality where the rights of persons are at stake." *Id*. However, "if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end." *Id*.

There is no fundamental right to appeal. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 31-32 (1987) (collecting cases); *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) ("the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice"); *see also* Cassandra Burke Robertson, *The Right to Appeal*, 91 N.C.L. Rev. 1219 (2013) (advocating for the Supreme Court to recognize a fundamental right to appeal). To the extent a State does afford a right to appeal, it "may not 'bolt the door to equal justice.'" *M.L.B. v. S.L.J.*, 519 U.S. 102, 110 (1996) (*quoting Griffin v. Illinois*, 351 U.S. 12, 24 (1956).

The Kentucky Supreme Court has formulated rules for how a party may appeal to that court. A party in federal court may ask the Kentucky Supreme Court to answer "questions of law," but only when "there is no controlling precedent." Ky. CR 76.37. Nohalty admits there is controlling precedent on this issue and therefore she cannot certify a question of law to the Kentucky Supreme Court. (Docket #7).

Nohalty compares her position to a litigant who remains in state court and appeals first to the Kentucky Court of Appeals, then to the Kentucky Supreme Court. A litigant in Kentucky state court may, as a matter of right, appeal to the Kentucky Court of Appeals. Ky. Const. § 115. However, except in limited circumstances, a party has no right to

---

[2] The Fourteenth Amendment applies to the federal government through the Fifth Amendment. *Bolling v. Sharpe*, 347 U.S. 497 (1954)

3

appeal to the Kentucky Supreme Court. Instead, the Kentucky Supreme Court reviews cases at its discretion. Ky. CR 76.20(1). Moreover, the Kentucky Supreme Court only grants discretion "when there are special reasons for it." *Commonwealth v. Hurd*, 612 S.W.2d 766 (Ky. App. 1981).

The Court finds Nohalty's comparison unpersuasive for several reasons. First, as explained above, Nohalty has not been deprived of a fundamental right because Kentucky does not guarantee a right to appeal to its highest court. Nohalty has lost the ability to petition the Kentucky Supreme Court in the same manner she would have had in state court, which has some value, but this is not a fundamental right, and therefore cannot support an equal protection claim. Second, Nohalty concedes she "does not, at present" know how this Court could fashion a remedy." Any remedy would run several risks, such as conflicting with Defendants' right to remove diversity cases to federal court, 28 U.S.C. § 1332, or raising federalism concerns. *See generally Printz v. United States*, 521 U.S. 898 (1997). The "promise that no person shall be denied the equal protection of the laws must coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, 517 U.S. 620, 631 (1996). Nohalty is in the unfortunate position of finding herself disadvantaged, but that does not mean she has been denied equal protection of the laws.

### III. Defendants are liable for the cost of repair of the carpet.

Although a landlord is generally "not liable for injuries caused by breach of a covenant to make repairs," the landlord still must pay the "cost of repair." *Pinkston v. Audubon Area Cmty. Servs.*, 210 S.W.3d 188, 190 (Ky. App. 2006). The parties are not in

dispute, and Defendants' acknowledge their obligation to pay the costs of repairing the carpet. (Docket #8).

## CONCLUSION

For the foregoing reasons Defendants' motion to dismiss is GRANTED. Plaintiff's personal injury claims are dismissed. A teleconference will be held on November 12, 2014, at 3:00 eastern time. The Court will place the call to counsel.

cc:     Counsel